UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION
CLEVELAND

| | |
|---|---|
| Kenny Monday,<br><br>                      Plaintiff,<br><br><br><br><br>    -v.-<br><br>Windham Professional, Inc.,<br><br><br>                      Defendants. | Civil Action No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kenny Monday (hereinafter, "Plaintiff"), an Ohio resident, brings this Complaint by and through his attorneys, Zukowsky Law, LLC, against Defendant Windham Professional, Inc. (hereinafter "Defendant Windham") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

1

"'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws ·were inadequate. Id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Ohio, County of Ashtabula.

8. Defendant Windham is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 384 Main Street, Salem, New Hampshire 03079.

9. Upon information and belief, Defendant Windham is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to November 12, 2021, an obligation was allegedly incurred by Plaintiff to Oklahoma State University.

12. The Oklahoma State University obligation arose out of transactions which were primarily for personal, family or household purposes.

13. The alleged Oklahoma State University obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Oklahoma State University is a "creditor" as defined by 15 U.S.C. § 1692a(4).

15. Defendant Windham, a debt collector, contracted with Oklahoma State University to collect the alleged debt.

16. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and internet.

*Phone Call Violation*

17. On or about November 12, 2021, Plaintiff called Defendant to dispute the debt as per his rights under the FDCPA.

18. When asked the reason for his contacting Defendant at that time, Plaintiff replied that he was disputing the validity of the debt, as per his rights.

19. Defendant's representative refused to accept the Plaintiff's dispute and demanded a reason for the dispute.

20. Plaintiff's dispute, made by telephone, unequivocally stated that he was disputing the validity of the debt and has no requirement to give any reason or proof regarding the validity of the dispute.

21. Requiring that the Plaintiff prove the validity of his dispute and provide reasons for the dispute violates the consumer rights as provided for under the Fair Debt Collection Practices Act.

22. Defendant's demand for a reason for the dispute overshadowed Plaintiff's right to dispute the debt over the phone, or in general as no reason is required to be given by the Plaintiff to validly exercise his dispute rights.

23. This false and deceptive tactic of demanding a specific reason before "accepting a dispute as valid" is misleading because it confuses the consumer as to how to exert his dispute and validation rights under FDCPA.

24. Defendant intentionally chose to make it difficult for the Plaintiff to dispute the debt, even though he did it in a proper manner.

25. Plaintiff was not prepared to provide a reason for his dispute. Defendant's request for one made Plaintiff stressed and fearful about explaining his position to well-trained professional debt collectors.

26. After the call, Plaintiff then spent time determining whether his proffered response was adequate and whether he needed to explain his position better or stronger. During this time, Plaintiff suffered emotional and mental stress due to Defendant's improper actions.

27. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

28. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

29. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

30. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

31. Plaintiff was confused and misled to his detriment by the statements made by the Defendant, and relied on the statements to his detriment.

32. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

33. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

36. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. Defendant violated §1692e:

   a. By requiring Plaintiff to submit a reason for their dispute, as opposed to accepting an oral dispute of the account without a reason.

   b. By making a false and misleading representation in violation of §1692e(10).

38. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

39. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kenny Monday, individually and on behalf of all others similarly situated, demands judgment from Defendant Windham as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Amichai E. Zukowsky, Esq. as Class Counsel;

2. Awarding Plaintiff statutory damages;

3. Awarding Plaintiff actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated:
    December 29, 2021

**ZUKOWSKY LAW, LLC**

<u>/s/ Amichai E. Zukowsky</u>
Amichai E. Zukowsky, Esq.
23811 Chagrin Blvd., Ste 160
Beachwood, OH 44122
Phone: (216) 800-5529
ami@zukowskylaw.com
*Attorneys For Plaintiff*
